46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Makis A. HAVADJIAS; Haralambos Havadjias, Plaintiffs-Appellants,
v.
VANGUARD INSURANCE COMPANY, Defendant-Appellee.
 No. 93-56693.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 1, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Makis A. Havadjias and Haralambos Havadjias ("the Havadjiases") appeal pro se the district court's order granting defendant's motion for sanctions pursuant to Fed. R. Civ. P. 11 and Fed. R. Civ. P. 26(g). The district court imposed $25,000 in sanctions against the Havadjiases for filing a frivolous action and for conducting frivolous discovery. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Background
 
 
 4
 This action is related to a prior litigation involving the same parties. Vanguard Insurance Company ("Vanguard") had issued a dwelling insurance policy on a property owned by the Havadjiases. As a result of an arson fire, the property was damaged. The Havadjiases made an insurance claim, and Vanguard paid the claim pursuant to a written reservation of rights which reserved the right to seek recoupment.
 
 
 5
 On April 22, 1985, Vanguard filed an action for declaratory judgment against the Havadjiases. Vanguard sought to determine whether it had an obligation to pay the claim and whether it was entitled to recoup monies already paid. The Havadjiases filed counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, and abuse of process. The district court granted Vanguard's motion for a directed verdict on the Havadjiases' counterclaims. On the declaratory claim, the district court found that Vanguard was entitled to recoup some of its money plus interest and costs. The Havadjiases appealed the directed verdict. A divided panel of this court affirmed the ruling on the claim of breach of covenant of good faith and fair dealing, but reversed the ruling on the breach of contract claim. Vanguard Insurance Company v. Havadjia, No. 88-6063, unpublished memorandum disposition, (9th Cir. Sept. 28, 1989). On remand, the parties settled the breach of contract claim. The district court dismissed the action, but allowed the parties, upon good cause, to reopen the case within thirty days of October 16, 1990.
 
 
 6
 On April 20, 1992, the Havadjiases filed this diversity action against Vanguard alleging seven cause of actions: (1) malicious prosecution; (2) fraud; (3) conspiracy to defraud; (4) intentional and negligent misrepresentation; (5) suppression of fact and concealment; (6) constructive fraud and breach of duty; and (7) intentional infliction of emotional distress. The Havadjiases drafted and signed the complaint. Essentially, the Havadjiases alleged that Vanguard committed fraud in: (1) inducing the Havadjiases to buy the insurance policy, (2) issuing the insurance policy; and (3) processing the Havadjiases' claim.
 
 
 7
 On July 13, 1993, the district found that the Havadjiases' second through seventh causes of action were barred by the principles of res judicata and that because Vanguard had prevailed on its claim for declaratory relief in the first action, the Havadjiases could not, as a matter of law, state a cause of action for malicious prosecution. The district court, therefore, granted Vanguard's motion for summary judgment.
 
 
 8
 Vanguard then sought $45,810.45 in sanctions, representing its uncompensated attorneys' fees and expenses incurred in defending this litigation. After a hearing, the district court sanctioned the Havadjiases $25,000 for filing and prosecuting frivolous litigation and for pursuing frivolous discovery. The Havadjiases timely appeal.
 
 II
 Analysis
 
 9
 We review for an abuse of discretion the district court's order imposing sanctions on the Havadjiases. See Zimmerman v. Bishop Estate, 25 F.3d 784, 790 (9th Cir.), cert. denied 115 S. Ct. 637 (1994) (Fed. R. Civ. P. 26(g) sanctions); Zaldivar v. City of Los Angeles, 780 F.2d 823, 828 (9th Cir. 1986) (Fed. R. Civ. P. 11 sanctions).
 
 A. Rule 11 Sanctions
 
 10
 Under Fed. R. Civ. P. 11, sanctions may be imposed "if the [pleading] filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Zaldivar, 780 F.2d at 831.
 
 
 11
 Under the doctrine of res judicata, a final judgment on the merits prevents a plaintiff from relitigating claims that were or could have been litigated in the prior actions.[1] See Nevada v. United States, 463 U.S. 110, 129-30 (1983); Western Systems Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992), cert. denied, 113 S. Ct. 970 (1993). A plaintiff also is barred from relitigating issues of law or fact that were actually litigated and necessarily decided in the prior action, whether on the same claim or a different claim. Duncan v. United States (In re Duncan), 713 F.2d 538, 541 (9th Cir. 1983).
 
 
 12
 Here, we agree with the district court that the Havadjiases' second through seventh causes of action were barred by the doctrine of res judicata because they could have been litigated in the prior action. See Nevada, 463 U.S. at 129-30; Ulloa, 958 F.2d at 871.
 
 
 13
 Furthermore, we agree with the district court's finding that the Havadjiases' malicious prosecution cause of action failed because the district court ruled in Vanguard's favor on its declatory judgment claim in the prior action. Therefore, this claim was necessarily decided in the prior action. See In re Duncan, 713 F.2d at 541.
 
 
 14
 Accordingly, because the Havadjiases filed an action which contained frivolous claims, the district court did not abuse its discretion by imposing Rule 11 sanctions. See Zaldivar, 780 F.2d at 831.
 
 B. Rule 26(g) Sanctions
 
 15
 The imposition of Rule 26(g) sanctions stems from several discovery requests made by the Havadjiases. Vanguard, claiming that the requests were frivolous, unreasonable and designed for the primary purpose to harass the defendant, moved for sanctions against the Havadjiases pursuant to Rule 26(g). The district court found that the "plaintiffs' burdensome and ridiculous discovery during the course of this action [was] frivolous under [Rule] 26(g)."
 
 
 16
 The Havadjiases, who were proceeding pro se, submitted several discovery requests on the defendants: (1) thirty sets of requests for admissions; (2) eleven sets of interrogatories; (3) forty depositions were scheduled at the same date and time; and (4) several subpoenas duces tecum. The Havadjiases signed each of the discovery requests and thus certified that the requests were proper under Rule 26(g). See Fed. R. Civ. P. 26(g).
 
 
 17
 We conclude the district court did not abuse its discretion in finding that the Havadjiases submitted the discovery requests for an improper purpose. Having reviewed the record, we conclude that virtually all of the requests had no relevance to the underlying action and could only be intended to harass Vanguard. Moreover, a number of the documents were unintelligible and incomprehensible. Because the Havadjiases violated Rule 26(g), the district court was required to impose an appropriate sanction. See id. ("[i]f a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification ... an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee") (emphasis added).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Furthermore, we deny all pending motions
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 A federal court sitting in diversity must apply the res judicata law of the state in which it sits. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir.), cert. denied, 459 U.S. 1087 (1982). California law, however, determines the res judicata effect of a prior federal court judgment by applying federal standards. Id. Therefore, we apply federal standards to determine the preclusive effect of the prior judgment on the Havadjiases' action. See id